IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:22-00307-CV-RK |
| v. | ) ) |
| JF ENTERPRISES, JEREMY FRANKLIN MITSUBISHI, | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court is the motion to dismiss or in the alternative motion to stay filed by Defendants JF Enterprises, LLC, and Jeremy Franklin Mitsubishi ("Defendants" or collectively, "JFM"). (Doc. 9.) The motion is fully briefed. (Docs. 10, 15, 18.) For the reasons below the motion is **GRANTED**, and the case is **DISMISSED without prejudice**.

## Background[1]

This declaratory judgment action involving commercial insurance coverage was filed on May 9, 2022. The case arises from non-party James Brost's August 2018 purchase of a Suzuki SX4 from Defendants JFM. On July 22, 2019, Brost brought a lawsuit against JFM in the Circuit Court of Jackson County, Missouri, alleging, in part, that JFM misrepresented the condition of the vehicle. *Brost v. Jeremy Franklin Mitsubishi & Credit Acceptance Corp.*, No. 1916-CV20133 (Cir. Ct. of Jackson Cnty.). The cause was dismissed without prejudice, and in a related arbitration proceeding, a Final Award was issued, dated July 6, 2022. A portion of the Final Award is summarized as follows:

Brost had poor credit and visited JFM based on its advertisement that he would only need to put one dime down as a down payment to get financed. While test-driving the vehicle, Brost

---

[1] Portions of the Background are drawn from public filings as attached to Plaintiff's complaint and/or as referenced therein. "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (citation omitted).

noticed brake issues. JFM denied that the Suzuki had brake problems, and an employee represented that the Suzuki was perfectly fine and had recently been inspected by JFM. Relying on JFM's representations as to the condition of the brakes, Brost decided to purchase the car. When the vehicle was put through JFM's reconditioning process, the mechanic who inspected it identified a needed brake repair.[2] The brakes were never repaired, and JFM did not tell Brost about the identified brake issue before the vehicle was sold to Brost. JFM could not produce a copy of the Missouri Vehicle Inspection performed on the Suzuki, though it is not clear when Brost asked for the document.

JFM also did not give Brost the certificate of title at the time of the sale, even though JFM had Brost sign one document stating that JFM had given Brost the certificate of title on the day of the sale. JFM also had Brost sign two documents that would permit JFM to give Brost the certificate of title after the sale. JFM did not provide certain other required documents, including proof that the sales tax had been paid by the prior owner.

Brost experienced problems with the vehicle's brakes the night of the purchase, which caused him to be unable to stop at traffic lights and stop signs, resulting in several near-miss accidents and affecting Brost's mental state. Brost reported the issue to JMF. On August 25, 2018, he returned the vehicle, asked to "unwind" the deal, and asked for a return of his money and trade-in vehicle. JFM refused, and Brost sued JFM.

The arbitrator determined that JFM violated the Missouri Merchandising Practices Act, § 407.020, RSMo ("MMPA") and that JFM committed fraud.

Key here, Plaintiff Harco National Insurance Company issued a Commercial Package Policy to its named insured, Defendants JFM, bearing Policy No. CPP 0006577 02, for the effective policy period of December 1, 2017, to December 1, 2018 (the "Policy"). The Policy contains, among other types of coverage, Commercial General Liability Coverage and Commercial Property Coverage. Plaintiff filed the instant two-count action on May 9, 2022, pursuant to the Declaratory Judgment Act, alleging that it had no duty to defend and no duty to indemnify Defendants JFM because its insurance policy does not provide coverage for Defendants JFM in that Defendants violated numerous policy provisions.

---

[2] It is not clear from the arbitrator's Final Award whether the reconditioning process occurred before or after Brost test-drove the vehicle, but it is clear that JFM did not tell Brost about the brake issue.

Following the July 6, 2022 Final Award, on July 7, 2022, Brost filed a petition to confirm the arbitration award in the Circuit Court of Jackson County, Missouri, against Defendants JFM (along with an unopposed motion to confirm the arbitration award). *Brost v. JF Enters., LLC*, No. 2216-CV15000 (Cir. Ct. of Jackson Cnty.). Then, on July 19, 2022, Brost filed an equitable garnishment claim in the Circuit Court of Jackson County, Missouri, against Plaintiff Harco and Defendants JFM. *Brost v. Harco Nat'l Ins. Co. & JF Enters., LLC*, No. 2216-CV15941 (Cir. Ct. of Jackson Cnty.).[3] In that cause, Brost seeks to recover insurance proceeds under an equitable garnishment claim brought under § 379.200, RSMo. *Id.* To be clear, the defendants in that second action are Plaintiff Harco and Defendants JFM. *Id.*

In this declaratory judgment case, Defendants now seek dismissal or a stay of this case, arguing that Plaintiff will have an opportunity to litigate these issues in the pending state court proceeding.

**Standard**

As a general matter, federal courts "must exercise [their] jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16-19 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). Where, as here, federal actions are brought seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts have "greater discretion" to "decline to enter a declaratory judgment" where there is a parallel state action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 & 287 (1995); *accord Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792-93 (8th Cir. 2008) (recognizing "in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*") (citation omitted).

In *Wilton*, the Supreme Court explained: "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful

---

[3] The Court takes judicial notice of this state case. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007) (recognizing that the court "may take judicial notice of proceedings in other courts that relate directly to matters at issue") (citation omitted); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that the court "may take judicial notice of judicial opinions and public records") (citation omitted); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (courts may take judicial notice of public records in considering a motion to dismiss).

3

purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." 515 U.S. at 288. In other words, "[w]hen there is a federal declaratory judgment action and a parallel state court proceeding, 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 724 (8th Cir. 2019) (quoting *Wilton*, 515 U.S. at 288). "Rendering a declaratory judgment where there are parallel state court proceedings and no issues of federal law would ordinarily be uneconomical as well as vexatious." *Id.* at 724 (cleaned up). The Eighth Circuit has set forth the relevant analysis as follows:

> [I]n [d]eciding whether to entertain a declaratory judgment action, a district court should determine if the question in controversy would be better settled in the proceedings in state court. This analysis includes whether the state case involves the same issues and parties as the federal declaratory case, whether all claims can be decided in the state court, and whether all parties are joined and amenable to process there. The issues cannot be governed by federal law.

*Cincinnati Indem. Co. v. A&K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008) (citations omitted); *accord Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013) (where parallel state action is pending, federal court's discretionary decision whether to abstain in declaratory judgment action "is to be guided by considerations of judicial economy, by considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings") (cleaned up).

In other words, "for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present 'the same issues, not governed by federal law, between the same parties.'" *Royal Indem.*, 511 F.3d at 793 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "And the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Id*.

**Analysis**

Defendants move for dismissal or a stay, arguing that Plaintiff will have an opportunity to raise its policy defenses to the instant action for declaratory judgment as to insurance coverage in the equitable garnishment state court proceeding. (Doc. 9 at 1-2.) Plaintiff argues that Defendants' request for abstention pursuant to the *Brillhart* abstention doctrine should be denied because there

4

is no requisite pending parallel state court action to support such abstention. (Doc. 15 at 1.) Plaintiff notes that Brost's state court action was not filed until after this federal action was filed; to be sure, the state court action was filed on July 19, 2022, and the case at bar was filed on May 9, 2022. Plaintiff further notes that Brost did not serve Plaintiff in the state equitable garnishment case until after Defendants filed their motion to dismiss in this federal case on July 8, 2022. Plaintiff further contends that the scope of issues presented in the state court case are "far beyond that of the straightforward declaratory judgment," and that even if the state court action could be deemed parallel, the relevant *Brillhart* and/or *Scottsdale* factors weigh strongly in favor of the Court continuing to exercise its jurisdiction in this action. (*Id*. at 1-2.) The Court does not find Plaintiff's arguments persuasive.

The Court determines that this case and the state court proceedings are parallel and are both in their early stages. The parties in both cases are substantially the same in that the two defendants in the July 19, 2022 state court action are the same as the parties in the instant federal action. *See Westfield Ins. Co. v. Lang*, No. 16-06096-CV-SJ-RK, 2017 WL 106125, at *4 (W.D. Mo. Jan. 10, 2017) ("[W]here every party to [the federal] suit is also a party to the state court suit, the parties are substantially the same.") (citations omitted).

Additionally, the legal issues involved in both cases are substantially the same. Both the equitable garnishment state claim and this declaratory judgment claim are seeking the determination of whether the Harco policy covers JFM's fraud and MMPA violations involving the vehicle sale to Brost. Both cases are governed solely by state law, not federal law. Moreover, Plaintiff does not dispute that the state court proceeding will address the same issues presented to this Court in the federal declaratory judgment action. As to Plaintiff Harco's contention that the Court should retain jurisdiction over this case because this suit was filed first, the Eighth Circuit has rejected such argument. *See Capitol Indemn. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).

When a district court abstains from exercising jurisdiction over a federal declaratory judgment action, the district court has discretion in deciding whether to stay the action or to dismiss it. *Wilton*, 515 U.S. at 288. Here, the scope of the state court action is broad enough to fully resolve all disputes between the parties and there is no reason why this action would return to federal court. Therefore, dismissal, rather than a stay, is warranted. *Capitol Indem. Corp.*, 218 F.3d at 875 n.2.

**Conclusion**

Accordingly, Defendants' motion to dismiss or in the alternative motion to stay (Doc. 9) is **GRANTED**, and the case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: October 7, 2022

6

Case 4:22-cv-00307-RK   Document 20   Filed 10/07/22   Page 6 of 6